HAROLD J. MEE, PROSECUTOR, v. TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION IN THE COUNTY OF ESSEX, RESPONDENT.

Argued December 12, 1930—Decided December 29, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *George S. Harris.*

PER CURIAM.

The application looks towards the setting aside of the temporary suspension of the prosecutor as a member of the fire department of Montclair, from August 9th until October 28th, 1930. This suspension resulted from the fact that the prosecutor had been arrested on a complaint charging him with drunken driving, and this fact becoming known to his superior officer, he was suspended temporarily pending the outcome of the complaint and pending the preferring of formal charges against him in case of conviction. According to the affidavits for the defendant, a considerable portion of this delay was due to the request of the prosecutor himself or his counsel. On the application for this rule said counsel conceded that the formal suspension ordered at the time charges were preferred in writing was entirely valid or to be considered so until the final disposition of the charges, but claimed that the informal suspension before the preferring of charges was altogether illegal and *ultra vires* and should be set aside

at this time although there had been no final disposition of the charges before the commissioner of public safety.

The deferring of formal charges against the prosecutor by the fire chief was really for the benefit of prosecutor and to await the decision by the magistrate of the complaint of drunken driving under the Motor Vehicle act. At the same time it was manifestly inadvisable that the prosecutor should continue to do duty while the latter. prosecution was still pending. We are unable to see that any injustice was done to him, or that any law was transgressed by this temporary suspension to await the outcome of the two prosecutions. Apparently the object of the prosecutor on this application is to put himself into a position to sue for his salary accrued during the period of informal suspension and without reference to the ultimate result of the proceedings.

In the exercise of our discretion, we think that no writ should go at this time and that the matter should in any event wait until the charges before the commissioner have been tried and concluded. It was stated that the prosecution under the Motor Vehicle act had been terminated by the decision of the Court of Common Pleas on a review of the conviction in the recorder's court. Assuming, but not conceding, the legal correctness of this proposition, the judgment of the Common Pleas does not seem to be conclusive of the prosecution before the commissioner which is still pending and undetermined.

The application for a *certiorari* will be denied, but without prejudice to any further action prosecutor may be advised he should take after the disposition of the charges against him before the departmental authorities.